**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

RAYMOND CHERISSON, a/k/a Haitian
James,
Defendant-Appellant.

No. 98-7086

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-94-97-15-5-BO, CA-98-69-5-BO)

Submitted: January 29, 1999

Decided: March 22, 1999

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Raymond Cherisson, Appellant Pro Se. Fenita Morris Shepard,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raymond Cherisson seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). Cherisson raises several claims of ineffective assistance of counsel. We have reviewed the record and the district court's opinion and find no reversible error as to most of his claims.

Cherisson has submitted a photocopy of his passport, previously unavailable, to support his allegation that his appointed attorney was ineffective for failing to obtain the passport and introduce it at trial. Cherisson claims that the passport proves that he could not have committed any of the substantive counts of distribution because he was out of the country in August, September, and October 1993. With regard to the distribution counts covering August and October, even if the passport does verify the travel dates Cherisson claims, Cherisson was not prejudiced by counsel's failure to obtain the passport for use at trial. However, with regard to the distribution count covering September 1993, there is some indication that the stamped travel dates support Cherisson's claim that he was in Haiti for the entire month.* The record does not indicate that any evidence was introduced to establish that Cherisson did anything outside of North Carolina to promote drug sales in the state. Therefore his conviction may be solely based on evidence of his actions in the state.

Because the passport is new evidence, originally unavailable to the district court, that may have some bearing on the September 1993 distribution count, we vacate and remand as to this claim for further proceedings in light of this new submission. See generally Zenith Radio

_____

*We note that the photocopy of the passport is not clear. The district court may consider allowing Cherisson to supplement the record in this case to include the original passport.

2

Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969). We affirm as to all of Cherisson's other claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

3